UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENTHIL MOHAN MURUGAIYAN,<br>Plaintiff,<br>v.<br>KATE ANDERSON, et al.,<br>Defendants. | Case No. 23-cv-05272-KAW<br><br>**ORDER GRANTING IN FORMA PAUPERIS APPLICATION; REASSIGNING CASE TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION TO DISMISS CASE**<br><br>Re: Dkt. Nos. 1, 6, 7, 10 |

On October 16, 2023, Plaintiff Senthil Mohan Murugaiyan filed this civil action and application to proceed *in forma pauperis* ("IFP Application'). The Court subsequently denied Plaintiff's IFP Application due to missing information, but gave Plaintiff leave to file an amended IFP Application. (Dkt. No. 5.) On October 26, 2023, Plaintiff filed a "Motion for Leave to Appeal In Forma Pauperis," which included an updated IFP Application. (Dkt. No. 6.) On October 31, 2023, Plaintiff filed a "Motion for Emergency Relief" for immediate financial compensation. (Dkt. No. 7.) On November 3, 2023, Plaintiff filed a declination. (Dkt. No. 9.) On December 1, 2023, Plaintiff filed a motion to expedite, requesting a transfer of the case to an Article III judge. (Dkt. No. 10.)

The Court treats the "Motion for Leave to Appeal In Forma Pauperis" as an amended IFP Application. Based on the now complete IFP Application, the Court GRANTS Plaintiff's IFP Application. Having reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915, however, the Court concludes that the operative complaint fails to state a claim on which relief may be granted. As Plaintiff has declined magistrate judge jurisdiction, the Court REASSIGNS the case to a district judge and RECOMMENDS that Plaintiff's complaint be dismissed with leave to amend, that the "Motion for Emergency Relief" be denied, and that the motion to expedite a transfer to an

Article III judge be denied as moot.

## I.  LEGAL STANDARD

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A complaint is frivolous under Section 1915 where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 19987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking).

A complaint may also be dismissed for failure to state a claim, because Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The complaint, therefore, must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). When the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)(citations omitted). Upon dismissal, pro se plaintiffs proceeding *in forma pauperis* must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## II.  DISCUSSION

Plaintiff brings the instant case against Defendants Kate Anderson and Dustin Martin, who are managers at the Extended Stay America in Pleasanton, California, as well as various Doe Defendants.  (Compl. at 6.)  Plaintiff alleges that since the start of his stay in May 2023, Defendants conspired and colluded with other employees and hotel guests to violate Plaintiff's

right of quiet enjoyment. (Compl. at 7.) Such actions include mail fraud, financial fraud, criminal trespass, installing covert devices, harassment via electronic means and methods, and intercepting e-mail communications. (Compl. at 7.) Plaintiff also alleges that the City of Pleasanton and the Pleasanton Police Department were involved. (Compl. at 7.) Accordingly, Plaintiff brings claims for: (1) breach of contract based on the failure to respond to Plaintiff's complaints, (2) violation of 18 U.S.C. § 241, (3) violation of RICO, (4) obstruction of justice, (5) violations of the Electronic Communications Privacy Act (18 U.S.C. § 2511), Stored Communications Act (18 U.S.C. § 2703), and Computer Fraud and Abuse Act (18 U.S.C. § 1030), (6) mail fraud in violation of 18 U.S.C. § 1702, (7) financial fraud in violation of 15 U.S.C. §§ 1343 and 1646, (8) anti-voyeurism in violation of 18 U.S.C. § 1801, (9) conspiracy to retaliate in violation of 18 U.S.C. § 1513(f), (10) conspiracy to collude with city and state agencies in violation of 18 U.S.C. § 1513(f), (11) conspiracy to place paid criminal perpetrators to commit criminal acts in violation of 18 U.S.C. § 1513(f), (12) violation of California Penal Code § 518, (13) conversion in violation of California Penal Code § 518, (14) coercion, intimidation, and threats under "bogus reasons," (15) conspiracy to violate HIPAA, (16) conspiracy to violate 18 U.S.C. § 2261A and California Penal Code § 637.7, (17) intent to cause interference with employment or livelihood, and (18) intent to inflict emotional distress.

Plaintiff fails to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure. Many of Plaintiff's claims lack sufficient factual basis or rely on conclusory allegations of conspiracy. For example, Plaintiff's first claim for breach of contract does not identify a contract that requires Defendants to respond to the complaint e-mails or otherwise explain how Defendant Anderson "enabled 90+ criminal perpetrators to intrude [Plaintiff's] privacy, commit acts of harassment and commit violations of state and federal laws willingly and knowingly." (Compl. at 11.) Plaintiff's 18 U.S.C. § 241 conspiracy and RICO claims likewise does not provide any factual allegations of how Defendant Anderson conspired with other employees, hotel guests, and Hyatt House Hotel to violate Plaintiff's rights. (Compl. at 12-14.) Plaintiff's various computer fraud claims provide no

facts other than conclusory assertions that various John Doe Defendants committed violations "every minute for the past few months," criminally trespassed and implanted covert devices, and disrupted network access. (Compl. at 15-16.)

Many of Plaintiff's claims are also based on criminal statutes that do not appear to afford a private cause of action, including 18 U.S.C. §§ 241, 2703, 1702, 1513, and 2261A. *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (explaining "[o]nly the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); *Payton v. City of Shreveport La.*, No. 5:21-cv-2041-JFW (MAR), 2022 U.S. Dist. LEXIS 28418, at *26 (C.D. Cal. Feb. 3, 2022) (no private cause of action under 18 U.S.C. § 2703); *Sciolino v. Marine Midland Bank-Western*, 463 F. Supp. 128, 130 (W.D.N.Y. 1979) (no private cause of action under 18 U.S.C. § 1702); *Stormo v. City of Sioux Falls*, No. 4:12-CV-04057-KES, 2016 U.S. Dist. LEXIS 176553, at *38 (D.S.D. Dec. 21, 2016) (no private cause of action under 18 U.S.C. § 1513); *Welch v. Wright*, No. 4:23CV3128, 2023 U.S. Dist. LEXIS 144003, at *31 (D. Neb. Aug. 17, 2023) (no private cause of action under 18 U.S.C. § 2261A).

Finally, many of Plaintiff's claims appear to be nonsensical. For example, Plaintiff brings claims under California Penal Code § 518, which concerns extortion through wrongful use of force or fear but bases his claims on Defendant Anderson allegedly trying to bribe him with a free week of stay and unknown Doe Defendants stealing his clothes from the washer and dryer. (Compl. at 20-21.) It is unclear how this concerns extortion. Plaintiff also alleges a HIPAA statute claim based on Defendants "creat[ing] constant and multiple high stress scenarios . . . with an intent to create effects of ill health," but HIPAA concerns the unauthorized release of medical information. (Compl. at 21.) Nor is it clear what legal basis there is for Plaintiff's "coercion, intimidation, threaten adverse effects under bogus reasons" claim or "intent to cause interference with employment or livelihood" claim. (Compl. at 22.)

Accordingly, the Court concludes that the complaint is insufficient to satisfy Section 1915 review.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's complaint is insufficient under 28 U.S.C. § 1915(e)(2) and must be dismissed. At the same time, it is not apparent that Plaintiff cannot allege a claim, so the undersigned recommends that dismissal be without prejudice, except for the claims brought under 18 U.S.C. §§ 241, 2703, 1702, 1513, and 2261A. Because Plaintiff has failed to allege a cognizable claim, the Court also recommends that Plaintiff's Motion for Emergency Relief be denied. Further, because this case is being reassigned to an Article III judge, the Court recommends that Plaintiff's motion to expedite a transfer be denied as moot.

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO ORDERED.

Dated: December 20, 2023

_____
KANDIS A. WESTMORE
United States Magistrate Judge